IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ORLANDUS SANTOS, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NO. _____ |
| ) | |
| vs. ) | |
| ) | HON. |
| THE DOW CHEMICAL COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

## COMPLAINT

PLAINTIFF, ORLANDUS SANTOS, by and through his attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against THE DOW CHEMICAL COMPANY.

## JURY DEMAND

COMES NOW PLAINTFF, and hereby makes his demand for trial by jury.

## INTRODUCTION

Plaintiff, Orlandus Santos, brings this action for racial discrimination, age discrimination, hostile work environment, retaliation, failure to promote, and disability discrimination under 42 U.S.C. § 1981, Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") on the basis of age discrimination, and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"). Plaintiff seeks compensatory and exemplary damages, equitable relief, attorney's fees, and lost wages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it arises under federal law, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

1

2. Venue is proper in this district as Defendant conducts business within this district, and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

3. Plaintiff, Orlandus Santos, is an African-American male over the age of 40 and a resident of Saginaw, Michigan.

4. Defendant, The Dow Chemical Company, is a corporation with its principal place of business in Midland, Michigan, and does business within this district.

## FACTUAL ALLEGATIONS

5. Plaintiff, an African-American man over the age of 40, was hired by Dow on November 15, 2018, and initially worked in Building 2602 before being transferred to Building 207 as an LT1 Packager on December 30, 2018.

6. Plaintiff has applied for promotion to LT4 at least 12 times, yet was consistently passed over in favor of white, less-experienced individuals with lower seniority.

7. On multiple occasions, when LT4 positions opened, Dow limited interviews to the top 15 candidates, excluding Plaintiff at rank 16 despite his qualifications; this pattern repeated multiple times.

8. Plaintiff raised this issue with Megan Watt, noting that interviews consistently stopped just before his rank, but nothing was done to address his concerns.

9. Plaintiff frequently heard racially insensitive comments at work, such as statements that "Black people always want to play the race card" and that Black employees "wouldn't have jobs if it weren't for Trump."

10. During a company potluck on the 4th of July in 2023, Plaintiff became aware that Stephanie Mason made a remark to a coworker saying, "you can bring the watermelon,"

which was offensive and racially stereotyped.

11. Plaintiff has observed that African-American employees were not treated the same way as non-African-American employees.

12. On one occasion, Plaintiff was given a written reprimand for being four minutes late, while white coworkers arriving hours late faced no discipline for similar conduct.

13. Plaintiff was falsely accused by a coworker, Kevin, of being a "threatening Black man," although a union representative confirmed Plaintiff had not threatened anyone, yet Plaintiff still received a reprimand.

14. Plaintiff continually complained about the hostility and racial discrimination, but nothing was done.

15. Last year, after experiencing a dizzy spell, Plaintiff was placed on medical leave, and shortly afterward, he suffered a heart attack, which his doctor attributed to work-related stress.

16. Upon returning from medical leave with restrictions, Plaintiff's supervisors, "TJ" and "Dustin," assigned him tasks involving extensive bending and standing, which aggravated his condition.

17. Plaintiff requested a copy of his personnel file which was delayed for over a month, and he later learned that rumors were circulating suggesting he had consulted an attorney, which he felt was retaliatory.

18. Despite Plaintiff's experience and being qualified, he was continually passed over for promotions under TJ's supervision in favor of white employees, as Black/African-American employees were routinely denied fair opportunities for advancement.

19. Plaintiff is out on leave and has been unable to return to work because Dow has not

allowed him to be promoted to a position that he could do with an appropriate accommodation or with restrictions in place.

20. Had Plaintiff been promoted, he would be in a position that would allow him to do his job and would not have had his health deteriorate to the point that it is now.

21. Plaintiff has suffered damages and requests relief as stated herein.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

22. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

23. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

24. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded him by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

25. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

26. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff has experienced includes a hostile work environment, harassment and Defendant's refusal to promote him or treat him like other non-Black employees, which broke the contract between the parties.

27. The actions of Defendant and its agents were willful, intentional, in deliberate disregard

of and with reckless indifference to the rights and sensibilities of Plaintiff.

28. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected.

29. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about his future, physical and emotional distress, and loss.

## COUNT II – RETALIATION UNDER 42 U.S.C. § 1981

30. Plaintiff reasserts and incorporates the above paragraphs.

31. Plaintiff is an employee covered by 42 U.S.C. § 1981, and Defendant is an employer covered by 42 U.S.C. § 1981.

32. Plaintiff engaged in protected activity by raising complaints about racial discrimination within Dow's workplace, including concerns regarding disparate treatment in promotions, harsher disciplinary measures, and racially insensitive comments.

33. In retaliation for his complaints about racial discrimination, Defendant subjected Plaintiff to unfavorable employment actions, including failing to promote him, disciplining him for minor infractions, and fostering a hostile work environment.

34. Defendant's retaliatory conduct is in violation of 42 U.S.C. § 1981, which prohibits retaliation against individuals who oppose racial discrimination.

35. As a direct result of this retaliation, Plaintiff has suffered lost wages, emotional distress, and other damages.

## COUNT III – RACE DISCRIMINATION UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

36. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

37. At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

38. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

39. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to discriminate against an employee on the basis of race.

40. Plaintiff experienced racial discrimination as set forth in the facts section, including but not limited to being passed over for promotions and being subjected to discriminatory comments for which no one was disciplined.

41. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

42. Plaintiff notified Defendant and its agents of the unwelcome conduct and communication; however, Defendant failed to remedy the same.

43. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

44. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

45. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV – AGE DISCRIMINATION UNDER ELCRA

46. Plaintiff reasserts and incorporates the above paragraphs as if fully stated herein.

47. At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

48. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

49. Defendant engaged in age discrimination by consistently promoting younger, less-qualified individuals over Plaintiff despite his qualifications and experience, subjecting Plaintiff to disparate treatment.

50. Defendant's discriminatory practices were intentional and aimed at denying Plaintiff fair promotional opportunities due to his age.

51. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

## COUNT V – RETALIATION UNDER ELCRA

52. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

53. At all relevant times, Plaintiff was an employee covered by ELCRA, and Defendant was an employer covered by ELCRA.

54. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

55. ELCRA prohibits employers from retaliating against individuals who oppose racial discrimination, participate in investigations, or otherwise assert their rights under the Act.

56. Plaintiff engaged in protected activity by making complaints regarding racial discrimination, disparate treatment, and a hostile work environment based on race within Dow's workplace.

57. In response to Plaintiff's protected activity, Defendant retaliated against him by subjecting him to adverse employment actions, including but not limited to continued failure to promote, heightened scrutiny, disciplinary actions for minor infractions, and further creating a hostile work environment.

58. Defendant's retaliatory actions were intended to discourage Plaintiff and other employees from exercising their rights under ELCRA to oppose discrimination in the workplace.

59. Defendant's conduct was willful, deliberate, and undertaken with reckless indifference to Plaintiff's rights under ELCRA.

60. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered economic harm, loss of career opportunities, emotional distress, humiliation, and other damages.

## COUNT VI – HOSTILE WORK ENVIRONMENT UNDER ELCRA

61. Plaintiff reasserts and incorporates the above paragraphs.

62. Plaintiff is an employee covered by ELCRA, and Defendant is an employer covered by ELCRA. Plaintiff was qualified for his position.

63. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

64. Defendant's repeated failure to address and remediate racially insensitive comments, including derogatory stereotypes and offensive language, created a hostile work environment in violation of ELCRA.

65. Plaintiff was subjected to an abusive and hostile work environment because of his race and age, causing significant emotional distress, humiliation, and harm to his work performance.

## COUNT VII – DISABILITY DISCRIMINATION UNDER THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA")

66. Plaintiff reasserts and incorporates the above paragraphs.

67. Plaintiff is an employee covered by the PWDCRA, and Defendant is an employer covered by the PWDCRA. Plaintiff was qualified for his position.

68. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity

69. Plaintiff has a disability as defined by the PWDCRA, due to his heart condition and other medical conditions which affect his ability to lead a normal life, which limits his ability to engage in physical tasks without reasonable accommodations, or without being placed in a role to which he had attempted to be promoted that were less physically strenuous.

70. Defendant discriminated against Plaintiff by failing to provide reasonable accommodations and by assigning him tasks that exacerbated his condition, ignoring his limitations and doctor's recommendations.

71. Defendant placed Plaintiff on leave instead of promoting him to a job for which he was qualified and could do.

72. Defendant's actions were in violation of the PWDCRA and have caused Plaintiff economic harm, emotional distress, and physical suffering.

## COUNT VIII – RETALIATION UNDER PWDCRA

73. Plaintiff reasserts and incorporates the above paragraphs.

74. Plaintiff is an employee covered by the PWDCRA, and Defendant is an employer covered by the PWDCRA. Plaintiff was qualified for his position.

75. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

76. Plaintiff engaged in protected activity under the PWDCRA by requesting reasonable accommodation and/or time off for his disability and for taking off time to treat his disability.

77. Defendant retaliated by assigning him to tasks that exacerbated his condition, denying him promotions, delaying access to his personnel file, and fostering rumors about him consulting an attorney in an effort to have him quit.

78. Defendant's retaliatory conduct discouraged Plaintiff from requesting further accommodations or seeking protections under the law.

79. Plaintiff has suffered economic harm, emotional distress, and physical suffering as a result of Defendant's retaliation.

## RELIEF REQUESTED

PLAINTIFF, ORLANDUS SANTOS, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: November 13, 2024              Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ *Carla D. Aikens*
Carla D. Aikens (P69530)
Rejanaé M. Thurman (P85701)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
rejanae@aikenslawfirm.com
*Attorneys for Plaintiff*